TRULINCS 31271004 - COOPER, ELWOOD - Unit: COM-C-D

----------------------------------------------------------------------------------------------------

UNITED STATES DISTRICT COURT
FOR THE DISTEICT OF COLUMBIA

CASE NO.: 99-CV-02513-WALTON

ELWOOD J. COOPER,

      Plaintiff, Pro se,

v.

UNITED STATES DEPARTMENT OF JUSTICE, et al.,

      Defendants.

_____/

**PLAINTIFF'S WRITTEN CONFERENCE STATEMET FOR MARCH 6, 2026 STATUS CONFERENCE IN SUPPORT OF MOTION TO ENFORCE CIRCUIT COURT'S MANDATES AND READINESS TO PROCEED WITH TARGETED RESOLUTIONS(DE:217)**

Plaintiff Elwood J. Cooper, proceeding pro se, respectfully submits this Written Conference Statement in support of Motion to Enforce the Circuit Court's Mandates and in advance of the March 6, 2026 status conference, pursuant to this Court's scheduling authority and the remand directives of the D.C.Circuit Court of Appeals.

    I. INTORDUCTION

This consolidated case concerns Defendants' long-standing failure to conduct adequate searches and produce responsive records under the Freedom of Information Act("FOIA"), 5 U.S.C. 552, despite three remands by the D.C.Circuit directing further proceeding.

For more than two decades, Plaintiff has sought specific, identifiable records relating to his arrest, prosecution, and related seizures and forfeitures. Plaintiff particularized his requests to be primarily interested in specific records:(a) the activities of a Brian Arrandale and a Timothy Collins and monies paid to them as informants, including $75,000.00 about which a DEA agent testified Arrandale had received from the Justice Department as a confidential informant while working for him as a U.S. Customs Service("USCS") and DEA Special agent, and (b) Bahamas DEA/USCS country clearance approval for his legal arrest and prosecution. See. DE: 51. The records establishes the Defendants knew or should have known of the

RECEIVED

MAR - 9 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

TRULINCS 31271004 - COOPER, ELWOOD - Unit: COM-C-D

----------------------------------------------------------------------------------------

existence of these records but failed to disclose them in a timely manner.

Material factual disputes remain concerning undisclosed records, rendering summary judgment in favor of EOUSA, DEA and USMS improper and entitling Plaintiff to relief.

II. PROCEDURAL HISTORY

In May 2003, Judge Penfield Jackson granted summary judgment in favor of Defendants. That judgment was vacated on April 23, 2004. The D.C.Circuit Court of Appeals held that Plaintiff had presented unrebutted evidence raising substantial doubts as to the adequacy of Defendants' searches. See Id.DE: 63, Mem.Op. at 2.

On July 11, 2018, Judge Jackson, again dismissed dismissed the case from the bench noting that the copies of the cashier's checks reference in Defendants' December 15, 2003 letter and the D.C.Circuit's remand Opinion were provided to Plaintiff. That dismissal was also vacated on December 28, 2005, with instruction to reevaluate the adequacy of the searches for records related to the cashier's checks "in general," particularly in light of the USMS's and DEA's September 2005 supplemental production or records. See Id. DE:72(Remand Order).

On July 11, 2018, the D.C.Circuit again denied summary affirmance and remanded this case for a third time, holding that this Court address and resolve: (1) withholdings in the records produced prior to the second appeal, (2) the adequacy of searches by agencies other than the USMS, and (3) statement of reason for the court's decision. Since 2021, this case has been continued repeatedly by minute orders, extending these proceedings into 2026 without resolution of these core issues.

III. GOVERNING LEGAL STANDARDS

Under FOIA, an agency must conduct a search "reasonably calculated to uncover all relevant documents." Oglesby v. U.S. Dep't of Army, 920 F.2d 57,68(D.C.Cir. 1990). Agency affidavits must be "reasonably detailed" and describe the scope and method of the search. Weisberg v. DOJ, 705 F.2d 1344, 1351(D.C.Cir. 1983). Summary judgment is inappropriate where evidence raise

TRULINCS 31271004 - COOPER, ELWOOD - Unit: COM-C-D

-----------------------------------------------------------------------------------------------

substantial doubt about search adequacy. Iturralde v. Comptroller of Currency, 315 F.3d 311, 314 (D.C.Cir. 2003). When agencies possess "clear and certain" leads, they must pursue them. Kowalczyk v. DOJ, 73 F.3d 386, 389(D.C.Cir.1996).

IV.   UNDISCLOSED RECORDS REMAIN IN DISPUTE

A.   Forfeiture and Equitable Sharing Records(BMW, Infiniti Q45, Currency and USMS's U.S. Treasury Checks) and Telephone Tolling Records(Bahamas/United States)

The record establishes the existence of undisclosed seizure, forfeiture, auction, and equitable sharing records concerning:

*      A BMW 735i auctioned and sold by USMS for $3,900.00. DE:120-2 at 108

*      An Infiniti Q45 valued at $22,700.00 DE: 120-2 at 7-9

*      Seized cash that were converted into cashier's checks and later converted into USMS Treasury checks which represent equitable shares disbursed to Florida state and local agencies. See DE:120-2 at 118-24, 153-65 and 176-87 see also DE:79-7 at 28-44(Share letters and equitable proceeds in re of seize currency sent West Palm Beach Police Dep't as proof of existence)

These records are referenced in multiple filings, including Customs("USCS"), DEA, and USMS declarations and supplemental productions. As further proof the undisclosed forfeiture records relating to 2005 supplemental release and seized currency were previously produced by DEA and EOUSA in 2001. See Id DEs: 47(Declarations of DEA agent Catena and Vicki L. Rashid Forfeiture Counsel) see Id. also DE: 169 at Ex. demonstrating that such records exist and were maintained. Despite this, Defendants have failed to produce complete documentation of these seizure, forfeiture and disbursement records.

B.   United States Marshals U.S. Treasury Checks and First Union Bank Cashier's Checks

Plaintiff seeks copies of USMS's Treasury Checks representing equitable sharing proceeds derived from seized currency and cashier's checks.  A July 14, 2003 inquire to and December 10, 2003 memorandum from USMS and December 15 correspondence sent to plaintiff acknowledged

3

------------------------------------------------------------------------------------------------

that the cashier's checks and records related to their seizure existed.(the July inquire and December Memorandum along with the December 15 Correspondences are attached hereto for the Court's convenience) Yet, despite this fact, photocopies of three cashier's checks only were selectively release prior to the first remand in 2004, while the information about related Treasury checks, currency seizure and forfeiture as well as the vehicles seizures, forfeiture and auction records were withheld until 2005 and remain undisclosed. This selective disclosure undermines the adequacy of Defendants' searches.

C. Bahamas Telephone Records and U.S. Primco PC Cellular Phone Records

Records show that the U.S. Embassy in Nassau Transmitted Plaintiff's Bahamas telephone records to DEA's West Palm Beach Office. These records, obtained through the Bahamas Foreign Affairs Ministry and Royal Bahamas Police Force("RBPD") have not been fully disclosed, including plaintiff's U.S.Cellular phone record contained in the USCS's June 13, 2001 release despite clear reference by the Court(DE:194 & 187) and in the record.DE:156-2 at 1-4; Kramer Declaration at 7, Ex. 17 and 20.

D. Bahamas Government Authorization("Country Clearance")

At trial and before the grand jury, DEA agent, Raymond Catena Jr., testified under oath that he received November 5, 1997 authorization from the Bahamian government to conduct a DEA controlled delivery of cocaine for which Plainatiff was convicted from the Bahamas to the United States. Plaintiff seeks: A diplomatic Note or declaration reflecting proof of such country clearance authoration. No such records have been produced, despite their central relevance and repeated requests.

E. Defendants' Post-remand Judgment

The Court granted summary judgment in part to DOJ/EOUSA based on alleged failure to agree to processing costs not withstanding it's Default response to both Plaintiff's initial complaint and his motion for default judgment:

However, the record shows:

4

-------------------------------------------------------------------------------

1.    DOJ/USA received certified receipt of Plaintiff's May 3, 1997 FOIA request on May 11, 1997. (See Id.DE:3 Ex.A cover-page).

2.    DOJ/EOUSA acknowledged receipt of Plaintiff's FOIA appeal of DOJ/USA failure to file a timely response advising DOJ/USA direct response to Plaintiff's FOIA request. See DE:3 at Ex.A-3

3.    DOJ/USA failed to timely respond to Plaintiff's FOIA request and judgment motion, DE:3, and Enlargement of time was granted without a filed motion to do so.Id.Docket Sheet

Likewise, DEA 2005 supplemental release and undisclosed documents rendered it's initial searches inadequate.

Customs/DEA/ATF Supplemental Searches and Release are Non-responsive Plaintiff's specific FOIA request and this Court's May 11, 2022 Order directing DEA, ATF, and the USCS to submit supplemental Vaughn information or declarations regarding: (1) the adequacy of the searches conducted by the USCS, (2) the discrepancy between Lee Kramer declaration and Customs' Vaughn index in the number of pages located, produced, withheld, released in part, and released in full by USCS, (3) the bases for withholdings on the pages addressed in rows, 5, 9-10, 13-15, 23-28, 31-33, 35, 46, 67, and 68("U.S.Embassy referral to DEA") of the chart in the Defendants' Reply to Plaintiff's consolidated brief, (4) whether DEA received the February 7, 2000 seven-page referral from ATF, and (5) DEA, ATF, and USMS bases for their conclusions regarding segregability.

Under these circumstances, Plaintiff is entitled to judgment as a matter of law. See. Celotrett, 477 U.S. 317(1986).

TRULINCS 31271004 - COOPER, ELWOOD - Unit: COM-C-D

--------------------------------------------------------------------------------

## V. REMAND SCOPE INCLUDES USMS, DEA, AND ALL AGENCIES

The 2018 remand directs review of searches by agencies other than USMS. This does not exclude reevaluation of USMS's and the DEA's initial searches. The September 2005 supplemental production included records from both DEA and USMS and cast doubt on both agencies' earlier searches. Accordingly, USMS's initial search remains subject to review in light of the USMS's auction and Treasury checks.See DE:135 at 31-51.

## VI. VOLUNTARY RESOLUTION PROPOSAL

In the interest of judicial economy, Plaintiff states that he is willing to voluntarily dismiss these consolidated actions if Defendant produce:

* The Bahamas Foreign Affairs Ministry diplomatic note of DEA authorization and/or an affidavit from DEA Special Agent Raymond Catena Jr. regarding such diplomatic note or country clearance authorization;

* Copies of the USMS's Treasury checks which represents equitable share of seized currency/cashier's checks disbursed to Florida state and local law enforcement agencies(DE: 79-7 at (Copies of USMS Treasury checks to West Palm Beach Police Dep't)), and complete seizure, auction, forfeiture and equitable sharing records for the BMW and Infiniti Q45;

* Plaintiff's Bahamas telephone and U.S. Cellular phone records identified in Customs' initial June 2000 release and August 2001 supplemental release, including RBPF reports dated November 11 and 12, 1997.

## VII. RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

1. Rescind the Court post-remand summary judgment in favor of USMS, EOUSA and DEA,

2. Deny Summary judgment to Defendants

3. Require production of the undisclosed records identified in document disclosed to Plaintiff Alternatively, GRANT summary judgment to Plaintiff, and make findings sufficient for

TRULINCS 31271004 - COOPER, ELWOOD - Unit: COM-C-D

--------------------------------------------------------------------------------

appellate review as required by the 2018 remand order.

VIII. CONCLUSION

After three remands and more than twenty-five years of litigation, unresolved factual disputes remain concerning known, identifiable records.  Thus, Defendants' failure to conduct adequate searches and timely disclose responsive materials violates FOIA and controlling precedent.

WHEEFORE, Plaintiff respectfully requests that the Court resolve these issues on the merits and enforce compliance with its remand obligations.

Respectfully submitted

ELWOOD J. COOPER
Reg.No. 31271-004
FCC Coleman Medium
P.O.Box 1032
Coleman, Florida 33521

7

TRULINCS  31271004 - COOPER, ELWOOD - Unit: COM-C-D

------------------------------------------------------------------------------------------

CERTIFICATE OF SERVICE

I HEREBY CERTITY that on this 26th day of February, 2026, I cause a copy of the ORIGINAL

of the foregoing "PLAINTIFF'S WRITTEN CONFERENCE STATEMENT IN SUPPORT OF MOTION TO THE

CIRCUIT COURT'S MANDATES" to be served by first-class mail upon"

> JANE M. LYONS
> Assistant U.S.Attorney
> 601 D. Street, N.W.
> Washington, DC 20530

ELWOOD J. COOPER
Plaintiff, Pro Se



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St N W*
*Washington, D.C  20001*

December 15, 2003 .

Elwood J. Cooper
Reg. No. 31271-004
FCC-USP Unit D
P.O. Box 1033
Coleman, Fl 33521-1033

Re: Civil Action No. 01-1074

Dear Mr. Cooper:

In various submissions to the district court, including your "Second Motion for Compromise" and "Affidavit of Agreement," both dated August 12, 2003, you offered to dismiss the complaint in exchange for copies of three "cashiers checks" (in amounts of $24,210.00, $5,899.00, and $1,500.00) and documents relating to their seizure, which pertain to your criminal case. In response to this proposal, the defendants requested that the U.S. Marshals Service conduct a search for these documents in its records. The Marshal's Service has located them.

Provided you are willing to settle as you have already proposed, the Marshal's Service is willing to produce redacted copies of the requested records, eliminating from disclosure only the names of Marshal Service employees and other third-party individuals, under Exemptions 2 and 7(C) of the Freedom of Information Act, 5 U.S.C. § 552.

**RECEIVED**

MAR − 9 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



PLAINTIFF'S
EXHIBIT

_____



**U.S. Department of Justice**

United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St. N.W*
*Washington, D.C. 20001*

April 2, 2004

Elwood J. Cooper
Reg. No. 31271-004
FCC-USP Unit D
P.O. Box 1033
Coleman, Fl 33521-1033

Re: No. 03-5172 (C.A. 99-2513)

Dear Mr. Cooper:

Enclosed are copies of three "cashiers checks" (in amounts of $24,210.00, $5,899.00, and $1,500.00) that you had requested in this litigation.

Sincerely,

JOSEPH A. PIXLEY
Special Assistant United States Attorney
(202) 514-7704

RECEIVED

MAR - 9 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia



**U.S. Department of Justice**

Roscoe C. Howard, Jr.
United States Attorney

_____

_District of Columbia_

_Judiciary Center_
_555 Fourth St., N W_
_Washington, D.C. 20530_

July 14, 2003

Mr. Gerry Auerbach, Acting General Counsel
U.S. Marshal's Service
Office of General Counsel
12th Floor, CS-3
Washington, D.C. 20530-1000

Re: Request for Records- in the case of <u>Cooper v. DEA</u>, Civil No. 01-1074

Dear Mr. Auerbach:

This is to follow up our conversation last week in which Assistant U.S. Attorney Edith Shine and I requested your assistance in searching the records of the U.S. Marshals Service for particular documents requested by the plaintiff, Elwood Cooper, in the above case. Specifically, Mr. Cooper asserts that the Marshals Service has in its possession certain "cashiers checks," which represents monies seized from him upon his arrest by the DEA (which that agency then transferred to the Marshals Service, according to Cooper).

In his most recent Motion for Reconsideration, Mr. Cooper specifically references these cashiers checks as follows: "The only information from Plaintiff Complaint that has not been released is a copy of the check which was _transferred from the DEA to the USMS._" (emphasis added).

During Cooper's trial, a DEA agent (probably Ray Catena) testified that cash was seized from Cooper, and then converted into "cashier's check to the U.S. Marshals Service, who then I then (sic) turn the check over to the marshals for forfeiture proceedings." A copy of this trial testimony is attached, as well as Agent Catena's declaration describing seizure of monies from Cooper during his arrest in 1997.

RECEIVED

MAR - 9 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**EXHIBIT 2**



United States Marshals Service

*Office of General Counsel*

Washington, DC 20530-1000

DEC 10 2003

MEMORANDUM:

TO:          Joseph A. Pixley
                Special Assistant United States Attorney
                U.S. Attorney's Office for the District of Columbia

FROM:      Florastine P. Graham
                FOI/PA Officer
                Office of General Counsel

SUBJECT:   **Cooper v. DEA**, Civil No. 01-1074

     Pursuant to your request in connection with the above captioned case, the United States Marshals Service (USMS) is forwarding to your office 326 pages of asset forfeiture records pertaining to Elwood Cooper, which were located by the USMS office in Southern District of Florida.

     Eighty-three (83) pages of documents originated with or contain information that originated with the USMS. These documents have been processed for disclosure to Mr. Cooper with administrative markings and names of USMS employees and third-party individuals deleted pursuant to exemptions b2 and 7(C) of the Freedom of Information Act, 5 U.S.C. § 552.

     The remaining 243 documents originated with the Drug Enforcement Administration (DEA) and are also being forwarded to your office. We have redacted the names of USMS employees contained in this material pursuant to exemption 7(C); however, you may wish to consult with the DEA concerning disclosure of this material.

     If you have any questions or need anything further on this matter, you may contact me or Kevin King at (202) 307-9054.

Attachments

# EXHIBIT 3

Case 1:99-cv-02513-RBW   Document 219   Filed 03/09/26   Page 13 of 13

Elwood J. Cooper #31271-004
Federal Correctional Complex.
FCC Coleman Medium Box 1032.
Coleman, Florida 33521-1032.

Case No. 99 CV 02513-Walton

Clerk of the Court
United States District Court
for the District of Columbia
333 Constitution Avenue N.W.
Washington, DC. 20001

SAINT PETERSBURG FL
4 MAR 2026

20001-280299